[No. 1521, March 4, 1913.]

ELLA HAINES TIETZEL, Appellant, v. GEORGE R. TIETZEL, Appellee.

Appeal from District Court, Bernalillo County.

Thos. N. Wlikerson, for Appellant.

Although a wife's separate estate is secured to her separate use the husband's common law duty to maintain her during coverture and to provide family necessaries still remains. 4 Cyc. p. 1444, note 85.

Sexual intercourse persisted in by the husband against the will of the wife to the injury of her health is cruelty affording grounds for divorce, if he knows or has reason to know the injury and suffering which his demands will inflict upon her. 14 Cyc. 610; Mayhew v. Mayhew, 61 Conn. 233; Walsh v. Walsh, 61 Mich. 554; Grant v. Grant, 53 Minn. 181; Melvin v. Melvin, 58 N. H. 549; Moores v. Moores, 16 N. J. Eq. 275; Gardner v. Gardner, 104 Tenn. 401; McAllister v. McAllister, 28 Wash. 613; Sylvia v. Sylvia, 11 Colo. 319; Carpenter v. Carpenter, 30 Kas. 712; Wheeler v. Wheeler, 53 Ia. 511.

Cruelty is such conduct in one of the married parties

as, to the reasonable apprehension of the other, or in fact, renders cohabitation physically unsafe to a degree justifying a withdrawal therefrom. Bishop on Marriage and Divorce, 6 ed.; 17 Cent. Dig. title "Divorce," sec. 57.

A gross abuse of martial rights, resulting in injury or suffering to the wife, may constitute "cruelty" in the law and justify the wife in separating herself from her husband. Moors v. Moors, 16 Ia. 279; Mahone v. Mahone 19 Cal. 626.

WILSON & LEWIS, for Appellee.

Cruel and inhuman treatment. Mayhew v. Mayhew, 61 Conn. 233; Walsh v. Walsh, 61 Mich. 554; Grant v. Grant, 53 Minn. 181; Melvin v. Melvin, 58 N. H. 549; Gardner v. Gardner, 104 Tenn. 401; McAllister v. McAllister, 28 Wash. 613.

Failure to provide. 14 Cyc. 625; Rycraft v. Rycraft, 42 Cal. 444; Washburn v. Washburn, 9 Cal. 475.

## OPINION OF THE COURT.

PARKER, J.—This is an appeal from the District Court of Bernalillo County dismissing a bill of complaint for divorce. The court made findings of fact which would seem to present a serious question as to the correctness of the decree. Appellee claims, however, that the findings were inadvertently made by the court without notice to his counsel, and that they do not correctly represent the actual state of facts proved.

Under the circumstances, the validity of the decree being in doubt, we deem it advisable to reverse the decree and remand the cause with instructions to proceed further, and it is so ordered.